UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NEAMIA B. BAKER, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>KAREN TATE CORMACK and )<br>CLAUDE CEDRICK CORMACK, )<br>)<br>Defendants. ) | Case No. 1:22CV426 |

ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Complaint [Doc. #2] filed by Plaintiff Neamia B. Baker. In conjunction with the Complaint, Plaintiff also submitted an Application to Proceed *In Forma Pauperis* [Doc. #1]. For the reasons that follow, the Court recommends that the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of federal subject matter jurisdiction.

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing *in forma pauperis* d[o] not need to balance the prospects of successfully obtaining relief against the

administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in

a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] In addition, the Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

As part of this review under § 1915(e)(2), the Court considers the issue of subject-matter jurisdiction in the action. Blaine v. Jordan, No. 1:19CV142, 2019 WL 2465262, at *1 (M.D.N.C. Feb. 12, 2019) (citing Wright v. Huggins, No. 5:09-CV-551, 2010 WL 2038806, at *2 (E.D.N.C. Mar. 11, 2010); Cornelius v. Howell, No. 3:06-3387, 2007 WL 397449, at *2-4 (D.S.C. Jan. 8, 2007)); see also Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

3

conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required to determine if a basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

"In determining whether a claim 'arises under' the laws of the United States, courts abide by the 'well-pleaded complaint rule,' assessing whether the plaintiff's cause of action — as stated on the face of the complaint — has some basis in federal law." Old Dominion Elec. Coop. v. PJM Interconnection, LLC, 24 F.4th 271, 279 (4th Cir. 2022). Additionally, federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the parties are diverse in citizenship. 28 U.S.C. § 1332(a). See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action").

In the present case, Plaintiff has failed to allege facts sufficient to support a federal claim, and the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) for lack of subject matter jurisdiction. Plaintiff, a resident of Gastonia, North Carolina, names Karen and Claude Cormack, both residents of High Point, North Carolina, as the Defendants in this matter. Plaintiff alleges that Defendants failed to "report money to government for rent from rental agency to cover rent" which caused Plaintiff to "have a balance and a[n] eviction on [her] record." (Compl. [Doc. #2] at 3-4.) The Complaint notes

4

Case 1:22-cv-00426-TDS-JEP   Document 4   Filed 09/20/22   Page 4 of 5

that the basis for jurisdiction in this matter is a federal question at issue, but the Complaint does not allege that Defendants committed any violations of federal law. (Compl. [Doc. #2] at 3.) Rather, the Complaint appears to contest the legitimacy of alleged state court eviction proceedings which took place at an unspecified time, failure to return the security deposit paid toward a rental agreement, and failure to credit certain payments towards Plaintiff's rent. (Id. at 3-4.) As such, the face of the Complaint does not invoke a federal statute or constitutional provision, but rather appears to present exclusively state law claims and issues. Moreover, the Parties are both citizens of North Carolina, thus precluding any exercise of diversity jurisdiction as to the matters alleged in the Complaint.

Given the absence of a federal claim and the absence of grounds to exercise diversity jurisdiction, the Court will recommend that Plaintiff's Complaint be dismissed, without prejudice to Plaintiff filing her claims in state court or filing a new Complaint, clarifying the nature of her claims and setting out a basis for the jurisdiction of this Court.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

This, the 20th day of September, 2022.

      /s/ Joi Elizabeth Peake
   United States Magistrate Judge